IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARNELL LUCKY,** | Case No. CV 91-0583-TJH |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | **PROTECTIVE ORDER REGARDING DISCOVERY[195]** |
| **VINCENT CULLEN, Warden of California State Prison at San Quentin,** | |
| Respondent. | |

In *Bittaker v. Woodford*, 331 F.3d 715, 727-28 (9th Cir. 2003) (En Banc), the United States Court of Appeals for the Ninth Circuit ruled that "district courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege." Pursuant to *Bittaker* and pursuant to the agreement and stipulation of the parties, the following protection to all such privileged information disclosed during discovery in this case is hereby

ordered:

(1) This protective order applies to all information that is subject to the attorney-client and/or work product privileges produced by Petitioner's counsel to Respondent in accordance with the limited waiver held in *Bittaker* to apply in the context of certain claims – including but not limited to such materials located in trial counsel's file, materials located in the files of investigators or experts employed by trial counsel to assist in Petitioner's defense, or materials obtained through a deposition of trial counsel or any members of the trial defense team. This protective order also applies to all such information trial counsel or a member of the trial defense team may produce to Respondent in response to a subpoena for such information.

(2) Except as stated in paragraph (4), materials described in paragraph (1) only may be used by Respondent for the sole purpose of litigating the instant federal habeas corpus case and may not be used against Petitioner for any other purpose, specifically including any criminal retrial that might occur.

(3) Except as stated in paragraph (4), Respondent shall not disclose the materials described in paragraph (1) or their contents to any person or entity outside of the California Department of Justice, excluding any expert consultants/witnesses retained by a party for the express purpose of assisting in the resolution and adjudication of the claim or claims, the assertion of which compelled the limited waiver. Retained expert consultants or witnesses shall agree in writing to the terms of the protective order and shall be bound by it. Respondent shall not disclose any protected materials or their contents to any other person or entity, including law enforcement personnel not employed by the California Department of Justice or criminal prosecutors not employed by the California Department of Justice, without the express written permission of counsel for the Petitioner or an order from this Court.

(4) This protective order shall not extend to documents or information

previously disclosed to a third party without a protective order, otherwise available to the public, or filed in an unsealed condition in any prior California state court proceeding.  The parties do not express an opinion about or waive the ability to seek a further protective order for documents previously filed, disclosed or otherwise made public but that may be properly sealed if the document were filed pursuant to this protective order.  The parties, therefore, expressly reserve the right to apply to the Court by means of a noticed motion and seek to seal any document previously disclosed or filed; Respondent does not waive any argument in opposition to such an application.

(5)   If the parties determine protected documents must be filed as part of any pleading, so that the protected materials would normally become part of the public record, in advance of the filing the parties will meet and confer and attempt to reach a stipulation concerning the procedures to be used and, if one is reached, submit that stipulation to the Court for its consideration.  If the parties cannot agree and reach a stipulation concerning the procedures to be used, the party seeking to file the document may lodge the supporting documents with the Clerk of the Court in a sealed envelope with an application requesting that the Court accept the document for filing under seal or permit public filing of the document.  The other party may file an opposition or notice of non-opposition to the application within fourteen days; the moving party may file a reply within seven days of any opposition.  The Court will rule on the application with or without a further hearing, at its discretion.

(6)   Should the Court order an evidentiary hearing, the Court will afford the parties an opportunity to brief what further protective measures, such as sealing orders, potential closed courtroom proceedings, or other such measures that will be necessary to adequately protect Petitioner's rights.

(7)   This order shall remain in effect after the conclusion of the habeas corpus proceedings and shall apply in the event of a retrial of all or any portion of

Petitioner's criminal case.  Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

**IT IS SO ORDERED.**

Dated:  April 7, 2011

_____
The Honorable Terry J. Hatter, Jr.
United States District Court Judge

CC:DEATH PENALTY LC